# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL MANDEVILLE and** ) | |
| **DIANE MANDEVILLE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CASE NO. 07-cv-0660-MJR** |
| ) | |
| **INTERNATIONAL TRUCK AND ENGINE** ) | |
| **CORPORATION, COTTRELL, INC.,** ) | |
| **CASSENS & SONS, INC., and CASSENS** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Plaintiffs filed their initial complaint in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County against Defendants International Truck and Engine Corporation, Cassens & Sons, Inc., and Cassens Corporation on March 19, 2007, and against Defendant Cottrell on or about March 29, 2007. Plaintiff Michael Mandeville is employed by Cassens Transport Company as a car hauler. He alleges that, on or about November 9, 2005, he was injured when he fell from the upper deck of a "truck, trailer with head rack." First Am. Compl., p. 4. Mandeville alleges that he sustained severe and permanent injuries to his left hand, pelvis, head, torso, ribs and related areas, plus lost wages, diminished earning capacity, and past and future medical expenses. His wife, Plaintiff Diane Mandeville alleges that, because of Michael's injuries, she has lost his support and services.

Plaintiffs are citizens of the State of Illinois. Of the four Defendants named in Plaintiffs' complaint, three - International Truck, Cassens and Sons, Inc., and Cassens Corporation -

1

are also Illinois citizens. Defendant Cottrell, Inc., the alleged manufacturer of the trailer, is a citizen of the State of Georgia. If Cottrell were the only Defendant in this matter, complete diversity would exist, and the case would be removable to federal district court pursuant to **28 U.S.C. §§1332(a)** and **1441**, provided that it satisfies the jurisdictional amount requirement of **§1332(a)** and that the removal was timely.

Generally, **28 U.S.C. §1446(b)** requires that a defendant file a notice of removal within thirty days of the defendant's receipt of the initial pleading or a summons. However, when an action would not be removable upon the initial pleading but later becomes so, a defendant may file a notice of removal within thirty days of the date the defendant first ascertains that the action is removable. *Id.* In this case, Cottrell asserts that this it first ascertained that this case was removable on August 29, 2007. At that time, Cottrell received Mr. Mandeville's interrogatory answers and learned that Mr. Mandeville's accident did not involve the International Truck product at issue. According to Cottrell, the remaining allegations against International Truck do not and cannot state a cause of action against it under Illinois law. Therefore, International Truck was fraudulently joined and its citizenship must be disregarded based on fraudulent joinder.

Cottrell also asserts that Plaintiffs' allegations as to Cassens and Sons, Inc., and Cassens Corporation are untrue and, therefore, fraudulent. Because these defendants were fraudulently joined and there is no possibility that Plaintiffs can state a cause of action against them, their citizenships must be disregarded based on fraudulent joinder.

Finally, Cottrell states that the written consents of its co-defendants is not required because they were fraudulently joined.

The Court must now conduct a threshold jurisdictional review of this matter. The

principal purpose of the threshold review is to ascertain whether subject matter jurisdiction properly lies. *See, e.g.*, *Wis. Knife Works v. Nat'l Metal Crafters*, **781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").** The party invoking federal jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, **110 F.3d 424, 427 (7th Cir. 1997)**. In the case at bar, the Court is satisfied that the amount in controversy exceeds $75,000. However, several issues remain for resolution before the Court can ascertain whether it enjoys proper subject matter jurisdiction.

The first outstanding issue is whether complete diversity exists, which requires an examination of whether the nondiverse Defendants were fraudulently joined. Fraudulent joinder is joinder solely to defeat federal jurisdiction. *Schwartz v. State Farm Mut. Auto Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999)**, *quoting Poulos v. Naas Foods, Inc.*, **959 F.2d 69, 73 (7th Cir. 1992)("Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state-defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'").** The Court in *Poulos* went on to hold that:

> Out-of-state defendants seeking removal to federal district court face a very high hurdle in proving fraudulent joinder of nondiverse defendants: An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff[(s)], the plaintiff[(s)] cannot establish a cause of action against the in-state defendant[(s)].

**959 F.2d at 73.** Thus, the Court requires more information to determine whether the nondiverse Defendants were fraudulently joined. Specifically, the parties should provide facts and precedent

3

related to whether the nondiverse Defendants were, in fact, fraudulently joined.

The second outstanding issue is whether the Cottrell satisfied the timeliness requirement of **28 U.S.C. §1446(b)**. Even assuming, *arguendo,* that the nondiverse Defendants were fraudulently joined, it is unclear to the Court that Cottrell could not have ascertained within thirty days of the initial pleading that the case might be removable to federal district court. Further explanation is necessary to determine the validity of Cottrell's averments.

Accordingly, the Court **DIRECTS** Defendant Cottrell, Inc., to file a "Jurisdictional Brief" **on or before October 5, 2007**, specifically addressing the issues of fraudulent joinder and timeliness of removal. The Court further **DIRECTS** Plaintiffs to file a brief in response to Defendant's jurisdictional brief **on or before October 22, 2007**.

**IT IS SO ORDERED.**

**DATED this 21st day of September, 2007**

>             s/Michael J. Reagan
>             **MICHAEL J. REAGAN**
>             **United States District Judge**