# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MANDEVILLE and <br> DIANE MANDEVILLE, <br>     Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL TRUCK AND ENGINE CORPORATION, COTTRELL, INC., CASSENS & SONS, INC., and CASSENS CORPORATION, <br><br>     Defendants. | Case No. 07-cv-0660-MJR |

## **MEMORANDUM and ORDER**

**REAGAN, District Judge:**

### I. Procedural and Factual Background

Plaintiffs filed their initial complaint in the Circuit Court for the Third Judicial Circuit of Illinois in Madison County against Defendants, International Truck and Engine Corporation ("International"), Cassens & Sons, Inc., and Cassens Corporation, on March 19, 2007, and against Defendant Cottrell on or about March 29, 2007. Plaintiff, Michael Mandeville, is employed by Cassens Transport Company as a car hauler. He alleges that, on or about November 9, 2005, he fell from the upper deck of a "truck, trailer with head rack" and sustained severe and permanent injuries to his left hand, pelvis, head, torso, ribs and related areas. Mr. Mandeville also alleges that he has suffered lost wages, diminished earning capacity, and past and future medical expenses. His wife, Plaintiff Diane Mandeville, brings a claim for loss of consortium.

Plaintiffs are citizens of the State of Illinois. Of the four Defendants named in Plaintiffs' complaint, three - International, Cassens and Sons, Inc., and Cassens Corporation - are

1

also Illinois citizens. Defendant, Cottrell, Inc., the alleged manufacturer of the trailer, is a citizen of the State of Georgia. If Cottrell were the only Defendant in this matter, complete diversity would exist, and the case would be removable to federal district court pursuant to **28 U.S.C. §§1332(a)** and **1441**, provided that it satisfied the jurisdictional amount requirement of **§1332(a)** and that the removal was timely.

Generally, **28 U.S.C. §1446(b)** requires that a defendant file a notice of removal within thirty days of the defendant's receipt of the initial pleading or a summons. However, when an action would not be removable upon the initial pleading but later becomes so, a defendant may file a notice of removal within thirty days of the date the defendant first ascertains that the action is removable. *Id.* In this case, Cottrell asserts that this it first ascertained that this case was removable on August 29, 2007, when it received Mr. Mandeville's interrogatory answers and learned that Mr. Mandeville's accident did not involve the International truck at issue.[1] According to Cottrell, the remaining allegations against International do not and cannot state a cause of action against it under Illinois law. Therefore, International was fraudulently joined, and its citizenship must be disregarded based on fraudulent joinder.

Cottrell also asserts that Cassens and Sons, Inc., and Cassens Corporation were fraudulently joined. Because there is no possibility that Plaintiffs can state a cause of action against them, their citizenships must be disregarded based on fraudulent joinder. Finally, Cottrell states that the written consents of its co-defendants to removal is not required because all were fraudulently joined.

---

[1] The Court will use the terms "truck" and "tractor" interchangeably, as they appear in the parties' submissions.

Plaintiffs move to remand this case to state court on the basis of procedural defects in removal and on the basis that Defendants, International and Cassens Corporation, are not fraudulently joined. Plaintiffs concede that there is no possibility that they can prevail against Cassens & Sons, Inc., and do not oppose dismissal of that entity. The motion for remand has been fully briefed and is ready for disposition.

## II. Discussion

Removal based on diversity requires that the parties be of diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* **28 U.S.C. §§ 1332, 1441.** *See also* ***Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004)**. The party seeking removal has the burden of establishing federal jurisdiction. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. This Court's exercise of subject matter jurisdiction is constrained by the well-established rule that federal district courts must interpret the removal statute narrowly and "presume that the plaintiff may choose his or her forum." ***Doe,* 985 F.2d at 911**. Any doubts regarding jurisdiction should be resolved in favor of remand to state court. ***Id.* (*citing Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976))**; *see also **Krueger v. Cartwright,* 966 F.2d 928, 930 (7th Cir. 1993) (Federal district courts "are obliged to police the constitutional and statutory limitations on their jurisdiction.")**.

The Court emphasizes that it is Cottrell's burden, as the removing party, to establish federal jurisdiction and that any doubts regarding jurisdiction should be resolved in favor of remand to state court.

The parties have submitted affidavits in support of their positions. Doc. 12, Exhibit

3

D, Smith Affidavit ("Smith Aff."); Doc. 20, Exhibit A, Katz Affidavit ("Katz Aff."). Having carefully reviewed these documents, it appears that there were two discrete attempts by Cottrell to remove this action. First, shortly after this action was filed in Madison County Court and more than thirty days before removal, Cottrell sought International's consent to remove to federal court. Smith Aff. ¶¶ 3, 4; Katz Aff. ¶ 4. International refused to consent to removal. Smith Aff. ¶ 4. Subsequently, Cottrell advised International that it did not think there was sufficient information to remove the case. Katz Aff. ¶ 5. Second, upon receiving Mr. Mandeville's interrogatory answers, Cottrell again contacted International and sought its consent to removal, stating that it was apparent that Mr. Mandeville's accident did not occur on the truck. Katz Aff. ¶ 6.

On this record, it appears that Cottrell "first ascertained" that this case was removable shortly after it was filed in Madison County and more than thirty days prior to its removal. The stumbling block Cottrell encountered was International's refusal to consent. "In order to remove a case from state court to federal court, all defendants must either join in the removal or otherwise consent to removal." *Yount v. Shashek,* **472 F.Supp.2d 1055, 1060 (S.D.Ill. 2006) (citing 28 U.S.C. § 1441(a) (additional citations omitted)**. If the defendant seeking removal fails to gain the consent of its co-defendants, it must explain their absence in the notice of removal, *e. g.,* by showing that a non-consenting co-defendant was not served at the time of removal, was fraudulently joined, or is a nominal party, and failure to set out such an explanation renders the notice facially defective. *Id*. **(citations omitted)**. No such explanation was available, and Cottrell was unable to remove the case from state court in spite of the fact that it had ascertained that the case was removable.

Having failed to gain International's consent to its initial effort to remove this action to federal court, Cottrell attempted a second bite of the apple when it received Mr. Mandeville's

4

interrogatory answers. In response to Interrogatory 3, which asks for details of the accident, Mr. Mandeville states, "I was unloading a van on the last ramp *on the tractor* on the very top. I fell to the pavement. There is nothing to hold on to when walking on the ramp." Doc. 7, Exhibit H (emphasis added). In response to Interrogatory 4, which asks specifically for Mr. Mandeville's position on the rig immediately before and at the time of the accident, "specifically identifying whether you were on the tractor or trailer," Mr. Mandeville responds, "See #3." Thus, Mr. Mandeville clearly states that he was on the tractor in response to the question of whether he was on the tractor or the trailer. The word "trailer" does not appear in either response.

In response to Interrogatory 16, which asks for details of the alleged defective condition of the truck or trailer, Mr. Mandeville responded that the "tractor trailer in question has no handrails" and that "[t]he only safety modification that was done to the truck was safety bars on the head ramp." Doc. 7, Exhibit H. In this response, Mr. Mandeville claims that both tractor and trailer are defective in that they lack necessary safety equipment.

With Cottrell's jurisdictional memorandum, it submitted the Employee Injury Investigation Report and Equipment Set-up/Common Ramp Numbering System (Doc. 7, Exhibits E, G). Mr. Mandeville's injury occurred when he was unloading the number eight position car, a position which is ambiguous with regard to whether the truck or the trailer, or both, were involved in the accident. Cottrell also submitted an accident report, in which the supervisor indicates that Mr. Mandeville told him that he fell off the trailer. Doc. 7, Exhibit F. However, neither the supervisor nor anyone else witnessed the accident (*see id.*), and Mr. Mandeville, in his sworn interrogatory answers, stated that he was on the tractor when he fell. Nonetheless, Cottrell asserts that, based on Mr. Mandeville's interrogatory answers, he could not have been in contact with any part of the

5

tractor in the described position. No such certainty can be garnered from these answers, and any ambiguity must favor remand.[2]

International provided the tractor and is a non-diverse Defendant. Mr. Mandeville swore in his interrogatory answers that he was on the tractor at the time of the alleged accident and that both tractor and trailer were defective. The Court also considers these facts in conjunction with Plaintiffs' amended complaint, in which they claim that the International tractor at issue "was not equipped with a [sic] reasonably safe ladders, footing, walkways, traction and/or hand holds[.]"

Based on the record at the time of removal and for the reasons set forth above, the Court finds that Cottrell has failed to carry its burden of establishing federal jurisdiction, and this action must be remanded.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 12). This case is hereby **REMANDED** to the Circuit Court of Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED this 3rd day of January, 2008**

                                                    **s/Michael J. Reagan**
                                                  **MICHAEL J. REAGAN**
                                                  **United States District Judge**

---

[2]The Court also finds the series of events, as described by Cottrell, rather implausible because, if Cottrell believed that International was fraudulently joined, it would not have sought International's consent at any time. Cottrell is well aware that a fraudulently-joined co-defendant need not consent to removal, and there is no suggestion that Cottrell sought the consents of either of the Cassens co-defendants.